FILED
LOGGED
ENTERED
RECEIVED

JUL 6 2015

BY
CLERK AT BALTIMORE
DISTRICT OF MARYLAND
U.S. DISTRICT COURT

DEPUTY

## UNITED STATES DISTRICT COURT
## OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| SIERRA ROACH } | |
| } | |
| } | |
| Plaintiff } | VERIFIED COMPLAINT |
| vs. } | JURY TRIAL DEMANDED |
| } | |
| NAVIENT SOLUTIONS } | **JKB 1 5 CV 1 9 7 4** |
| SALLIE MAE } | |
| } | |
| Defendant } | |

COMES NOW, the Plaintiff(s) Sierra Roach complaining of the Defendant as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Telephone Consumer Protection Act 47 U.S.C. 227(B) & Fair Credit Reporting Act 15 U.S.C 1681s(2)(B).

### I. THE PARTIES

2. Plaintiff Sierra Roach" is now and at all times relevant to this action an American National. Plaintiffs are "consumers" as that term is defined within 15 U.S.C.§1692a(3). Plaintiff principal address is 5 Devow Apt 102 Owings Mills MD 21117.

3. Defendant "Navient Solutions (FKA Sallie Mae) " ("Debt Collector") is a Publicly Traded corporation in state of Delaware It has a principal place of business located at 300 Continental Dr Newark, Delaware 19713. are "debt collectors" as that Term is defined by 15 USC§1692a (6).

### II. JURISDICTION AND VENUE

4. Venue for the within action is properly within the jurisdiction of this Court upon the ground, that one plaintiff resides within this Judicial district of the County Of Baltimore Owings Mills,

Maryland. Also pursuant to 15 U.S.C 1681P

## III. FACTUAL ALLEGATIONS

5. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, inter alia, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party systems and computerized account information to track, record, and maintain the millions of consumer debts.

6. 47 U.S.C. 227(b) states in pertinent part: (b) Restrictions on use of automated telephone equipment (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; (3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.

7. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

8. On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are

permitted only if the calls are made with the "prior express consent" of the called party. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008). The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶10).

9. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiffs gave Arcadia Recovery Bureau his express consent to call his cell phone within the meaning of the statute. See FCC Declaratory Ruling, 23 F.C.C.R. at 565

10. Plaintiff has been the owner of the cell phone number  609 920 3067 which subscribed to cellular service as defined in TCPA since 2004.

11.  In order the determine if defendant had a legitimate payment interest plaintiff sent defendant a freedom of information request asking defendant to certify that have not engage in any illegal act in violation of state & federal law and provide validation/verification. See exhibit 1

12.  In response to plaintiffs request defendant sent an application for for a loan allegedly executed by plaintiff. Within the application under borrower's information that application indicated  plaintiff permanent number 609-538-0719 and cell phone number 609-920-3067. see exhibit 2

13.  In response to defendants correspondence plaintiff sent another dispute revoking any prior express consent  that plaintiff may have given to defendant to call plaintiff cellular phone # 609-920-3067. Defendant received this letter by certified mail on June 18th 2014.  see exhibit 3

11.  Disregarding plaintiff's Letter Defendant's continued to call plaintiff on her wireless cell phone numerous times during the day using an automated telephone dialing system and pre-recorded voices  which has the capacity to store and call random and sequential number in attempt to coerce payment.

12. Defendant continuously called plaintiff's cell phone number after being notified not to call plaintiff's cell phone number at 609-920-3067. Defendant would  call from 4 differents telephone numbers. The number defendant used to call plaintiff cell phone were 317-348-9964, 866-989-1674, 866-963-1599, 765-283-3318.

13. Defendant called plaintiff's cell phone 609-920-3067 after receiving revocation of prior express consent from plaintiff. Defendant called using an automated telephone dialing system from their toll free number 317-348-9964 to call plaintiff's cell phone 10 times.

14. Defendant called plaintiff's cell phone 609-920-3067 after receiving revocation of prior express consent from from plaintiff. Defendant called using an automated telephone dialing system from their toll free number 866-989-1674 to call plaintiff cell phone 7 times.

15. Defendant called plaintiff's cell phone # 609-920-3067 after receiving revocation of prior express consent from plaintiff. Defendant called using an automated telephone dialing system from their toll free number 866-963-1599 to call plaintiff cell phone 6 times.

16. Defendant called plaintiff cell phone after receiving revocation of prior express consent from plaintiff.Defendant called using an automated telephone dialing system from their toll free number 765-283-3318 to call plaintiff cell phone 20 times.

15. The defendants collection calls became overwhelming and annoying for plaintiff placed the calls from on the block list.

16. All calls for defendant described in this complaint occurred via automatic telephone dialing system defined in 47 U.S.C. 227(a)(1) and or used an artificial prerecorded voice which has the capacity to store or call random or sequential numbers as described at 47 U.S.C. 227(B)(1)(A).

17. The telephone number that plaintiff used to contact, plaintiff with a artificial prerecorded voice made by an automatic telephone dialing system were assigned to cellular telephone services as specified in 47 U.S.C 227(B)(1)(A)(iii).

18. Plaintiff revoked prior express consent to receive prerecorded calls by defendant on her cellular telephone on June 18 2014 via certified mail.

19. Plaintiff did not provide express consent allowing defendants to place telephone calls to Plaintiff's cellular phone utilizing an " artificial or prerecorded voice", or placed by "an automatic dialing system" within the meaning 47 U.S.C 227(B)(1)(A) as of June 18th 2014.

20. Defendant's telephone calls to defendant's cellular telephone using an"artificial or prerecorded voice" or placed by automated telephone dialing system" for non-emergency purposes and in absence of plaintiff prior express consent violated 47 U.S.C. 227(B)(1)(A).

21. Plaintiff also obtained a copy of her credit or or about 1/15/204 from transunion file number 341176136.

22. As a result of defendant's failure to provide proper verification in response to to plaintiffs notice of dispute. Plaintiff initiated a formal dispute with the three major credit bureaus Experian, equifax and Transunion pursuant to 15 U.S.C. 1681i.

23. Each of the three credit Rating agencies received copies of plaintiff's notice of dispute and forwarded a copy of plaintiffs dispute to defendants to conduct a reasonable investigation. Defendants received a copy of the dispute and initiated their own investigation.

24. Defendants reported back to the credit bureau after allegedly conducting an investigation and as a result deleted all for trade lines with Transunion and Experian, but verified the four tradelines with Equifax.

25. As a result defendants have injured plaintiff by continuing to to report inaccurate, unverifiable derogatory information to plaintiff's Equifax credit file. Now plaintiff suffers from anxiety, stress and worry unsure if she will qualify for her first home. Plaintiff also fears applying for credit because of the erroneous information defendants is furnishing in plaintiff's equifax credit file.

26. All actions taken by the Defendant "DEBT COLLECTOR" were done with malice, were done willfully,and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.


## CAUSE OF ACTION
## KNOWING AND/OR WILLFUL & NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C 227 ET SEQ.

27. Plaintiff incorporates the foregoing paragraphs in the complaint as if fully stated herein.
28. As a result of Sallie Mae and Navient Solution are responsible for negligent violations of the TCPA, Plaintiffs entitled to an award of$500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. 227(b)(3)(B).
29. The foregoing acts and omissions of Arcadia Recovery Bureau constitute as numerous and multiple knowing/and or willing violations of the TCPA,  including but not limited to each of the

above cited provisions 47 U.S.C 227 et seq.

30. As a result of Arcadia Recovery Bureau knowing and/or willful violations of 47 U.S.C 227 et seq. Plaintiff is entitled to treble damages up to $1,500 per call for each and every call in violation of the statute pursuant to 47 U.S.C 227(b)(3)

Relief Requested

Statutory damages of $64,500 for knowing and Willful violation of the TCPA

Plaintiff reserves the right to amend the complaint upon discovery of additional placed calls

## CAUSE OF ACTION
## KNOWING AND/OR WILLFUL & NEGLIGENT VIOLATIONS OF FAIR CREDIT
## REPORTING ACT 15 U.S.C 1681s(2)(B)

31. Plaintiffs are "consumers" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

32. Defendant " are "credit furnishers" within the meaning of the 15 U.S.C. §1681a(c). 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a (d).

33. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (ACDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

(1) to conduct "an investigation" with respect to the disputed information;

(2) to "review all relevant information" provided by the credit reporting agency;

(3) to "report the results of its investigation" back to the credit reporting agency;

(4) if the investigation finds the existing information is incomplete or inaccurate, to report back those

results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and

(5) to "modify, . . .delete. . .or. . .permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. §1681s-2(b)(1).

34. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a finisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher.

This indirect "filtering" mechanism must be followed by a consumer to give rise to a Duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA which Plaintiffs served upon defendant "DEBT COLLECTOR".

35. Plaintiffs notified Defendants of its dispute by mail, and defendant DEBT COLLECTOR also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant "DEBT COLLECTOR" failed to delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

36. Plaintiff alleges that at all relevant times Defendant "DEBT COLLECTOR "failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts defendant NAVIENT SOLUTIONS FKA (SALLIE MAE) "DEBT COLLECTOR" failed to conduct a proper and lawful reinvestigation.

37. All of the violations of the FCRA proximately caused the injuries and damages to Plaintiffs as set forth in this Complaint. The FCRA requires them following of Credit Agencies;

(2) Prompt Notice of Dispute to Furnisher of Information (A) In general. Before the expiration of the 5-business-day period Beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph

(1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the

consumer or reseller. (B) Provision of other information  The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph

(1)(A) with respect to such disputed information. (5) Treatment of Inaccurate or Unverifiable Information (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—(i) promptly delete $that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

38. As a result defendants are liable for multiple negligent and/or willful violations of the FCRA pursuant to 15 U.S C 1681 N&O.

### Request For Relief

TCPA STATUTORY DAMAGES WILLFUL VIOLATION  $64,500
FCRA STATUTORY DAMAGES  9 months of derogatory reporting in Equifax credit file $9000
ACTUAL DAMAGES pursuant 15 U.S.C 1681n
PUNITIVE DAMAGES pursuant 15 U.S.C 1681o

Dated : 6/1/2015                                  RESPECTFULLY SUBMITTED BY

                                                  Sierra Roach - Pro Se Consumer